## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

JAMALL WASHINGTON,

        Plaintiff,

   v.

ATLANTIC COUNTY JUSTICE
FACILITY, *et al.*,

        Defendants.

Civil No. 22-2602 (RMB/AMD)

**OPINION**

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the filing of a prisoner civil rights complaint (Docket No. 1) by pro se Plaintiff Jamall Washington ("Plaintiff"), a pretrial detainee in Atlantic County Justice Facility ("ACJF"). Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") (Docket No. 1-1), which establishes his financial eligibility to proceed without prepayment of the filing fee, and it will be granted. For the reasons discussed below, the Court will *sua sponte* dismiss the complaint for failure to state a claim. If Plaintiff can cure the deficiencies in his claims, he may file an amended complaint.

## I.     Sua Sponte Dismissal

When a prisoner is granted IFP status and/or files a civil action against government officials or employees, courts must, pursuant to 28 U.S.C. §§ 1915(e)2(B) and 1915A(b), review the complaint and *sua sponte* dismiss any claims

that are:  (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556.)  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.*

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## II.   DISCUSSION

### A.   The Complaint

The defendants to this action, brought under 42 U.S.C. § 1983, are Atlantic County Justice Facility, Sgt. Martyn, Warden, Internal Affairs, CEO John Zillmer, Aramark Corporation, and Warden David Kelsey.  Plaintiff alleges that Aramark Corporation owns ACJF, and this Court assumes John Zillmer is the CEO of Aramark. Plaintiff allege Aramark owns and control ACJF and failed to provide him with mandatory treatment.  Plaintiff also generally alleges the defendants failed to train their employees.

While confined in ACJF, Plaintiff repeatedly requested medical treatment because his jaw was locking. Plaintiff alleges that he was "finally" evaluated on April 15, 2022.  Without taking any x-rays, Plaintiff was diagnosed with TMJ disorder Plaintiff asserts this demonstrated deliberate indifference to his health and a lack of training of the medical providers, in violation of the Eighth Amendment.

Plaintiff's next claim arises from his initial confinement in ACJF in December 2019, when he was not provided with a "phone pin" upon admission. Plaintiff asked correctional officers who were passing through the Admissions area, including

Sergeant Martyn, to obtain the phone pin for him. When no one responded to his requests, Plaintiff alleges this left him with no option but to "cause a scene." Sergeant Martyn sprayed pepper spray on Plaintiff and called for additional security guards. Plaintiff was handcuffed, which left a bruise on his hand when he was escorted to the showers to wash off the pepper spray. The pepper spray on his face caused Plaintiff to spit. The officers placed a spit guard on him, which suffocated him because water was blocking his nostrils, and he began screaming.

In October 2010, Plaintiff was housed in the G-Left pod. The allegations are very difficult to follow, but Plaintiff's cellmate was involved and the end result was that Plaintiff made a PREA complaint and was interrogated by two officers before he was taken to Shore Memorial Hospital to conduct a sexual assault kit.

Finally, Plaintiff generally alleges police misconduct, retaliation and harassment "which revealed the civil conspiracy of my custody status," hate crimes, and monopolistic practices in aid of a conspiracy. For relief, Plaintiff seeks a billion dollars.

## B.   Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

4

> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege:  1) the violation

of a right secured by the Constitution or laws of the United States; and 2) that the

alleged deprivation was committed or caused by a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250,

1255–56 (3d Cir. 1994).

### 1.   Internal Affairs, Atlantic County Justice Facility, and Aramark Corporation are not "persons" subject to liability under Section 1983

Under the plain language of the statute, only "persons" are subject to liability

for damages under 42 U.S.C. § 1983.[1] Thus, Aramark Corporation, Internal Affairs,

and the Atlantic County Justice Facility are not proper defendants to Plaintiff's §

1983 claims. *See e.g. Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013)

(county prison was not a "person" subject to suit under § 1983.")

### 2.   Supervisory liability under § 1983

Liberally construing the complaint, Plaintiff's claims against CEO John

Zillmer of Aramark, Warden David Kelsey and an unidentified warden[2] are based

---

[1] The exception to this rule is that local governments may be subject to § 1983 liability. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) ("Local governing bodies … can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.")

[2] It is not clear whether Plaintiff is suing more than one warden, but Warden David Kelsey and "Warden" are named as defendants in the caption of the complaint.

on respondeat superior or vicarious liability over the employees at ACJF and failure to train those employees. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

In *Barkes*, the Third Circuit Court of Appeals identified two means by which supervisory defendants may be liable for unconstitutional acts undertaken by subordinates. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-19 (3d Cir. 2017), *rev'd on other grounds*, *Taylor v. Barkes*, 135 S.Ct. 2042 (2015). The first basis for liability of a supervisory defendant is where the supervisor personally joined the subordinate in violating a plaintiff's rights, directed others to violate the plaintiff's rights or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *Barkes*, 766 F.3d at 316.

The second basis for liability of a supervisory defendant is where a supervisor "'with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused [the] constitutional harm.'" *Id.* at 316 (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989) ). Failure to train and failure to supervise claims are a subcategory of policy or practice liability. *Id.*

6

To hold a supervisor liable based on a policy or practice that led to an Eighth

Amendment violation,

> the plaintiff must identify a specific policy or practice that
> the supervisor failed to employ and show that: (1) the
> existing policy or practice created an unreasonable risk of
> [the constitutional] injury; (2) the supervisor was aware
> that the unreasonable risk was created; (3) the supervisor
> was indifferent to that risk; and (4) the injury resulted from
> the policy or practice.

*Beers-Capitol [v. Whetzel]*, 256 F.3d 120, 134 (3d Cir. 2001) (quoting *Sample v. Diecks*,

885 F.2d 1099, 1118 (3d Cir. 1989) ). "[P]erhaps the easiest way [ ] a plaintiff can

make out a supervisor liability claim is by showing that 'the supervisory official failed

to respond appropriately in the face of an awareness of a pattern of such injuries.'" *Id.*

(quoting *Sample*, 885 F.2d at 1118) ). Failure to train, discipline, and supervise are

assessed under the same deliberate indifference standard as the failure to promulgate

adequate policies. *Christopher v. Nestlerode*, 240 F. App'x 481, 489 n. 6 (3d Cir. 2007).

To establish deliberate indifference for failure to train, a plaintiff must show that

policymakers were on actual or constructive notice that flaws in their training or

supervision caused subordinate officials to violate citizens' constitutional rights, a

showing which generally requires knowledge of a prior pattern of similar incidents

and circumstances. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff alleges nothing more in his complaint than that the supervisory

defendants owned and/or controlled the ACJF and failed to train their employees.

Plaintiff has not identified any specific training deficiency or a pattern and practice of

similar constitutional violations. These allegations fall far short of establishing a

supervisor's liability under § 1983, and the claims against CEO John Zellmer, Warden, and Warden Kelsey will be dismissed without prejudice.

### 3.    Sergeant Martyn

Plaintiff alleges Sergeant Martyn used excessive force by spraying him with pepper spray, handcuffing him too tightly, and placing a spit guard on his face under conditions where he was having difficulty breathing. Plaintiff invokes the Eighth Amendment by alleging cruel and unusual punishment, but the Eighth Amendment applies only to convicted prisoners. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). As a pretrial detainee, Plaintiff's excessive force claim arises under the Fourteenth Amendment substantive due process clause. *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). "'[O]bjective reasonableness 'turns on the facts and circumstances of each case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Furthermore,

> [a] court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. *See ibid.* A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 540, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

8

*Kingsley,* 576 U.S. at 397.

Plaintiff alleges that he "caused a scene" because no one was responding to his request for a phone pin number, and that Sergeant Martyn responded by calling for more security guards, spraying Plaintiff with pepper spray, handcuffing him and taking him to the showers to wash off the pepper spray, and placing a spit guard over his face when he began spitting. Given Plaintiff's statement that he "caused a scene," these actions by Sergeant Martyn may have been objectively reasonable based on the need to preserve internal order and to maintain institutional security.  The Court will dismiss this claim without prejudice. If Plaintiff can allege additional facts that demonstrate Sergeant Martyn's conduct was objectively unreasonable in light of all of the facts and circumstances known by Sergeant Martyn at the time, and in light of the security needs of the ACJF, Plaintiff may raise this claim in an amended complaint.

### 4.   Civil conspiracy

Plaintiff brings a claim of civil conspiracy, but it is difficult to understand his allegations. "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293–94 (3d Cir. 2018) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)). A plaintiff must allege some factual basis in support of the defendants reaching an understanding to violate his civil rights. *Id.* at 295 (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (citing *Crabtree v. Muchmore*, 904 F.2d

1475, 1481 (10th Cir. 1990)). Plaintiff's complaint is lacking any factual basis to establish how any defendants reached an agreement to violate his civil rights. Therefore, this claim will be dismissed without prejudice.

## III.   CONCLUSION

For the reasons stated above, the Court will dismiss the complaint with leave to file an amended complaint.

An appropriate Order follows.

DATE:  **August 29, 2022**         <u>s/Renée Marie Bumb</u>
                                    Renée Marie Bumb
                                    United States District Judge